574 F.2d 958
 17 Fair Empl.Prac.Cas. 448, 16 Empl. Prac.
Dec. P 8272
Joseph E. COVA, Executor of the Estate of Reno Cova, Sr.,
Deceased, Joseph Gladden, Dwight Arant, Howard
Travis, Vito Zerillo and Garnelle Hance,
Appellants,
v.
The COCA-COLA BOTTLING COMPANY OF ST. LOUIS, INC., Appellee.
 Nos. 77-1787 and 77-1820.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 16, 1978.
Decided April 20, 1978.
 
 1
 James P. Holloran, St. Louis, Mo., argued, and Prudence W. Kramer, St. Louis, Mo., on brief for appellants.
 
 
 2
 William H. Andrews, Jacksonville, Fla., argued, and Ross A. Friedman, St. Louis, Mo., on brief, for appellee.
 
 
 3
 Before ROSS and HENLEY, Circuit Judges, and LARSON,* Senior District Judge.
 
 
 4
 LARSON, Senior District Judge.
 
 
 5
 This case arises under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. Plaintiffs Joseph Cova, executor of the estate of Reno Cova, Sr., Joseph Gladden, Dwight Arant, Vito Zerillo, and Garnelle Hance appeal an adverse final judgment by the District Court, claiming that the findings of no violations of the Age Discrimination in Employment Act are clearly erroneous. Defendant Coca Cola Bottling Company of St. Louis, Inc., has filed a cross appeal challenging the District Court's refusal to award it attorney's fees. We affirm.
 
 
 6
 By way of introduction, we note that the guidelines set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), though specifically addressed to actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., can be generally applied in age discrimination cases. See Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir. 1975). Thus a plaintiff may establish a prima facie case that his or her discharge violated the Age Discrimination in Employment Act by showing (1) that he or she is within a protected age group, (2) that he or she met applicable job qualifications, (3) that despite these qualifications, he or she was discharged, and (4) that, after the discharge the position remained open and the employer continued to seek applications from persons with similar qualifications. Once such a prima facie case has been made out, the burden shifts to the employer to rebut plaintiff's showing. An employer may meet this burden by showing that the discharge was "for good cause," 29 U.S.C. § 623(f) (3), or by showing that the discharge was "based on reasonable factors other than age," 29 U.S.C. § 623(f)(1). If the employer meets its burden, the burden of persuasion reverts to the plaintiff. The ultimate burden that plaintiff must meet is to show that age was a determining factor in the discharge. See Laugesen v. Anaconda Co., supra at 315-17; Mastie v. Great Lakes Steel Corp., 424 F.Supp. 1299, 1321-22 (E.D.Mich.1976). The act does not require that advanced age and substantial length of service entitle employees to special favorable consideration; it requires merely that an employee within the protected age group not be the subject of discrimination because of his or her age.
 
 Claims of Cova, Gladden, Arant and Zerillo
 
 7
 Prior to June 5, 1975, all of the plaintiffs were employed by Mid-States Beverage Company, a distributor of Coca Cola Company products. During the late 1960's and early 1970's, Mid-States suffered financial difficulties that culminated in the sale of its assets to the defendant. Defendant assumed control of the business and on July 7, 1975, employed Gerhard Strauss as General Sales Manager. Immediately upon his arrival Strauss undertook to reorganize the sales department. On July 31, 1975, Strauss notified Gladden, age 53, Arant, age 55, Zerillo, age 59, and Reno Cova, age 62, that there was no place for them in the reorganized sales department and that they were discharged. Each of these individuals had served in lower management positions in the Mid-States sales department for more than 29 years. Howard Travis, age 53, was also discharged at that time as was one other management employee who was under 40.[1] Of the eleven management employees retained by Strauss at least four individuals were over 40. Two of those eleven, both in their early 30's, were soon discharged by Strauss. One of these two was replaced by an individual from within the company who was in his 60's. After August 1, 1975, Strauss hired into the sales department ten individuals, all of whom were under 40. Some of these ten individuals filled vacancies. For others, new positions were created and within three months of August 1, 1975, there were seventeen management positions in the sales department the same number of positions that had existed before the plaintiffs were discharged.
 
 
 8
 Plaintiffs' case consisted of much of the above information. In addition, plaintiffs adduced testimony that they were capable of handling both their old jobs and the jobs in the reorganized department. They testified that they had had little personal contact with Strauss before their terminations. They further testified that they received neither advance notice of nor reasons for their discharges. Finally, plaintiffs introduced testimony that their positions had little influence on the success of the business.
 
 
 9
 Plaintiffs' evidence was sufficient to establish their prima facie case. They showed they were in the protected age group, were qualified for their jobs, and were each discharged. They also introduced evidence from which it could be inferred that their positions remained open until they were filled with younger individuals. Defendant was therefore obliged to satisfy its burden of production to avoid an unfavorable judgment.
 
 
 10
 In defense, defendant produced evidence of the decline of Mid-States' business and its substantial losses in an effort to explain radical changes following the takeover. Strauss described the nature of his reorganization of the sales department and the new programs he implemented. He testified that he had been directed to reduce the size of the management staff and he gave his reasons for discharging the plaintiffs rather than other individuals. Zerillo had been the supervisor for servicing a major customer who had made various complaints. Gladden had encountered difficulties in his work in a warehouse approximately one year before Strauss took over and he presently performed insignificant laborial tasks with no major supervisory responsibility. Arant lacked any clear responsibilities at the time Strauss was reorganizing the department, and Strauss concluded he had no room for an unassigned individual. Cova had recently blinded one eye in a hunting accident and Strauss felt that the injury affected his ability to work. Strauss testified that he engaged outside consultants to evaluate employees but there is no evidence to show whether or how the consultants evaluated plaintiffs. Finally, Strauss testified that age had not been a factor in his decision.
 
 
 11
 The District Court found that Strauss "made a judgment that (Cova, Zerillo, Arant and Gladden) were not the most competent, qualified persons to fill the available positions. Although reasonable persons might disagree with that decision, it was not based upon plaintiffs' age." Unpublished Memorandum, dated September 12, 1977, Finding of Fact No. 7.
 
 
 12
 Plaintiffs' primary objection to the District Court's finding stems from the fact that defendant failed to introduce a list of factors that were used to assess each management employee's qualifications. Defendant's sole evidence of reasons for the discharges came from the testimony of Strauss. Strauss did not inform plaintiffs of his reasons at the time of discharge. Nor did he specify all of them in his later depositions. Plaintiffs point to cases in which formal evaluation procedures figured prominently in the court's conclusion that employees had been terminated for reasons other than age. See, e. g., Mastie v. Great Lakes Steel Co., 424 F.Supp. 1299 (E.D.Mich.1976); Gill v. Union Carbide Corp., 368 F.Supp. 364 (E.D.Tenn.1973); Stringfellow v. Monsanto Co., 320 F.Supp. 1175 (W.D.Ark.1970). Essentially, plaintiffs contend that in the absence of stated factors and without fair, formal evaluation procedures, defendant has failed as a matter of law to meet its burden to produce legitimate non-discriminatory reasons for the discharges. While we can agree that the lack of formal, contemporary records may cast doubt on the credibility of an employer's subsequent explanations of a discharge, we cannot agree that such records are required as a matter of law by the Age Discrimination in Employment Act. We do not think the opinions cited by plaintiffs were intended to establish such requirements. They merely illustrate commendable practices that may have evidentiary significance.
 
 
 13
 Though Strauss' dismissal of four individuals who had each served his company for an average of more than 30 years may have been precipitous, we must affirm unless we can say that the District Court's ruling that there has been no violation of the Age Discrimination in Employment Act is clearly erroneous. The District Court chose to credit Strauss' subjective explanations of his reasons for the discharges. We cannot ably judge credibility from the written record. Strauss' testimony that age was not a factor in his decisions finds some corroboration in the record. The statistical evidence of age discrimination is inconclusive. There appears to have been a trend toward younger employees but in several instances Strauss retained or hired persons within the protected age group. We find no clear error.
 
 Claim of Plaintiff Hance
 
 14
 Plaintiff Hance was treated separately by the parties and by the District Court because she was terminated at a different time, by a different person, and for a different reason than the other plaintiffs. She was discharged on January 5, 1976, at the age of 54. She had been the confidential secretary for the general manager of Mid-States, assuming various responsibilities going beyond normal secretarial duties. On the undisputed evidence, Hance was discharged because of a personality conflict with her immediate superior. Though there was some testimony to the contrary, it is clear that defendant did not replace Hance; a new receptionist occupied her desk but many of Hance's duties were parceled out to other employees. The Court found that age "was not a factor in the discharge of plaintiff Hance." We find no clear error in this finding.Attorneys' Fees
 
 
 15
 Defendant contends in its cross appeal that the District Court should have awarded it attorneys' fees. In establishing causes of action under the Age Discrimination in Employment Act, Congress incorporated the procedural provisions of 29 U.S.C. § 216(b). 29 U.S.C. § 626(b). Section 216(b) authorizes the award of attorneys' fees to prevailing plaintiffs but does not authorize such an award for prevailing defendants. Thus, attorneys' fees may be awarded to prevailing defendants in age discrimination cases only under the bad faith exception to the American rule discussed in Alyeska Pipeline Service v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Under that standard it was within the discretion of the District Court to deny an attorneys' fee award.
 
 
 16
 The judgment appealed from is affirmed.
 
 
 
 *
 Earl R. Larson, Senior District Judge, District of Minnesota, sitting by designation
 
 
 [1]
 Howard Travis abandoned his claim against defendant before trial