**Jim BARBER, David Tarter, and Raymond Bradley, Appellees,**

v.

**AMERICAN AIRLINES, INC., Appellant.**

**No. 85–1507.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1985.

Decided May 28, 1986.

Rehearing and Rehearing En Banc Denied July 3, 1986.

Thomas L. Case, Dallas, Tex., for appellant.

Philip E. Kaplan, Little Rock, Ark., for appellees.

Before ARNOLD and WOLLMAN, Circuit Judges, and REGAN,* Senior District Judge.

* The Hon. John K. Regan, Senior United States District Judge for the Eastern District of Missou-

ri, sitting by designation.

ARNOLD, Circuit Judge.

This is an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. The jury returned a verdict for all three plaintiffs. From the judgment entered on this verdict, the defendant appeals. We hold that there was insufficient evidence to make a jury question of age discrimination and therefore reverse.

We state the facts in the light most favorable to plaintiffs, who won the verdict. On January 5, 1983, the defendant, American Airlines, Inc., notified the three plaintiffs, Jim Barber, David G. Tarter, and Raymond Bradley, that it had decided to transfer some of its operations from Little Rock to the Dallas-Fort Worth Airport. This change, which defendant characterized as a consolidation of "operations" functions for its southern region, meant that the jobs plaintiffs had been performing, or at any rate a substantial portion of the duties of those jobs, would no longer exist in Little Rock. Barber, who was 51 at the time, and Bradley, who was 58, were given a choice between taking early retirement and moving to Dallas, where they would be given jobs equal in pay and benefits to their Little Rock positions. Tarter, who was only 49, was not eligible for early retirement, and he was told simply that he would have to move to Dallas if he wished to continue full-time employment with the defendant. Faced with this choice, Barber and Bradley took early retirement, and Tarter moved to Dallas, where, at least as of the time of the trial, he still worked for American. All three plaintiffs then brought this action, claiming that their employer's decision to confront them with the choice described was based at least in part on their age, and was therefore a violation of the ADEA, which provides, in general, that employers may not discriminate against employees between the ages of 40 and 70 on account of age.

As the case was put to the jury by the District Court—and neither party now complains of any error in the jury instructions —plaintiffs' contentions were summarized as follows. In their view, they should have been permitted to "bump" other, less senior employees who were working on the ticket counter in Little Rock, instead of being forced either to retire early or go to Dallas. American's reply to this claim is simply that under its personnel practices in effect at the time, no employee could exercise his "bumping" rights under the seniority system unless he was qualified to perform the job into which he wished to "bump," or could become qualified within five days. In American's view, the three plaintiffs were not sufficiently proficient in the computerized business of issuing tickets to justify allowing them to displace full-time ticket agents already on the job. Plaintiffs say that they were sufficiently qualified, and that American refused to allow them to "bump" because of their age. In the alternative, plaintiffs claim that they could have become sufficiently qualified, through study or on-the-job training, if they had been given more advance notice of American's plan to consolidate functions at the Dallas-Fort Worth Airport. When plaintiffs got notice of the planned consolidation on January 5, 1983, they were given only three days to make up their minds whether to retire or move to Dallas. Other employees in the past, plaintiffs argued, had been given more time to prepare for such a situation and had been permitted to educate themselves sufficiently to "bump" ticket agents even though they were no more qualified to perform ticket-agent functions than plaintiffs.

■ In this appeal from a jury verdict, we are concerned primarily with the simple question whether the record contains enough evidence to justify a rational jury in finding that age was a determining factor in what happened to plaintiffs, a factor in the absence of which the employer would not have taken the adverse action it did. See *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714–15, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983); *Gilkerson v. Toastmaster, Inc.*, 770 F.2d 133, 135 (8th Cir. 1985). The three-stage order of proof and

the presumptions described in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (claim of racial discrimination under Title VII), an analytical scheme which is applied also in age-discrimination cases, is useful to the court in structuring the proof while the trial is in progress, and, in cases tried to the court without a jury, as a framework against which the court can view the evidence in making its findings. But once a finding of discrimination *vel non* has been made, and the resulting judgment is being evaluated on appeal, these presumptions fade away, and the appellate court should simply study the record with a view to determining whether the evidence is sufficient to support whatever finding was made at trial. This is the teaching of *Aikens, supra.*

■ Here, plaintiffs are members of the protected age group, and the employer did take adverse action against them. The employer's asserted reason for not permitting them to "bump" is that they were not qualified to do so under its personnel regulations. To this plaintiffs reply that these regulations have not been uniformly applied, and that other employees no more skilled than they were permitted to remain in Little Rock in the past in a similar situation. In general, if the employer's asserted nondiscriminatory reason for taking the action of which a plaintiff complains can be shown not to be the true reason, or not to have been consistently applied in the past, an inference of discrimination can rationally be drawn by the trier of fact. See, *e.g., Dace v. ACF Industries, Inc.,* 722 F.2d 374, 378–79 (8th Cir.1983), *modified per curiam,* 728 F.2d 976 (8th Cir.1984). But here, plaintiffs' theory—that others were permitted to "bump" in the past in a similar situation—contains the seeds of its own refutation. For the other employees who were allegedly given the privilege that plaintiffs now claim were also within the protected age group and, in fact, were reasonably close in age to the plaintiffs them-

selves.[1] In these unusual circumstances, an inference of age discrimination is plainly impermissible. For even if plaintiffs were unfairly treated, and even if others were unjustly favored in the past, no inference of age discrimination can be drawn, for the simple reason that the employees who were allegedly given preferential treatment were not "young." They were in the same age group as plaintiffs. If any kind of discrimination is operating here, therefore, it is not age discrimination, and that is all this case is about.

■ Similarly, we can accept plaintiffs' position that the evidence was sufficient to persuade a rational jury that they in fact were qualified to "bump" in 1983, and that, under American's personnel regulations, they ought to have been allowed to do so. But again, no inference of age discrimination can rationally be drawn, because the employees whom American chose to retain in Little Rock, the ticket agents whom plaintiffs wished to "bump," were also in the same general age bracket as plaintiffs.[2] Not a single one of them was outside the protected age group, and Jim Hicks, the person who would have been "bumped" first, was 48 years old, almost the same age as the plaintiff Tarter. The three ticket agents who were permitted to remain in Little Rock, to be sure, had somewhat less seniority with the company than the plaintiffs (combined seniority of 57 years as opposed to plaintiffs' combined seniority of 84 years), and seniority may in some circumstances be a proxy for age for purposes of evaluating age discrimination. Here, however, that reasoning will not work, because, as already noted, the employees whom plaintiffs wished to displace were substantially the same age as plaintiffs themselves.

In reviewing a judgment entered on the verdict of a jury, we are mindful that we must view the evidence in the light most favorable to the party winning the verdict, here plaintiffs, according them the benefit

---

1. The ages of the allegedly favored employees ranged from 46 to 54.

2. The ages of these employees ranged from 45 to 48.

of every reasonable inference that can be drawn from the evidence, and setting aside the verdict only if the evidence points all one way. *Dace, supra,* 722 F.2d at 375–76. We have carefully read every page of the testimony at this trial, and we are persuaded that this stringent standard has been met. The jury could rationally have believed that plaintiffs ought in good conscience to have been permitted to stay in Little Rock, and that American had violated its own personnel practices in demanding their transfer, but there is absolutely no substantial evidence in this record that would justify attributing American's actions to plaintiffs' age.

We have considered *Thornbrough v. Columbus & Greenville R.R.,* 760 F.2d 633 (5th Cir.1985), stressed by plaintiffs' counsel at the oral argument. In our opinion, the case does not stand for any proposition helpful to plaintiffs' position here. It states, for example, that "[i]n a reduction-in-force case, what creates the presumption of discrimination [created when plaintiff has made a prima facie case] is not the discharge itself but rather the discharge coupled with the retention of younger employees." *Id.* at 644. It is exactly this latter element—favoritism towards younger employees—that is missing here. See also *Bell v. Gas Serv. Co.,* 778 F.2d 512 (8th Cir.1985); *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1163 (8th Cir.1985) (judgment on jury verdict reversed in reduction-in-force situation even though plaintiff's position was "combined ... with that of a younger man"). We add, in fairness to the District Court, that *Bell* and *Holley* were both decided after this cause was tried.

The judgment is reversed, and the cause remanded with directions to dismiss the complaint with prejudice.