Joan G. FOX, Plaintiff–Appellant,

v.

McDONNELL DOUGLAS CORPORATION, Defendant–Respondent.

No. 65624.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 10, 1995.

James W. Whitney, Jr., Menees, Whitney & Burnet, Clayton, for plaintiff-appellant.

Thomas C. Walsh, Gerard T. Carmody, Margaret C. Nikolai, Bryan Cave, St. Louis, for defendant-respondent.

CRANDALL, Judge.

Plaintiff, Joan G. Fox, appeals from the trial court's grant of summary judgment in favor of defendant, McDonnell Douglas Corporation, in her action for unlawful age discrimination. We affirm.

On September 14, 1990, defendant discharged plaintiff. At the time of her discharge, plaintiff was 49 years of age. She was employed for approximately 22 years in the duplicating department (department) of McDonnell Aircraft Company, a component of defendant. She operated copy machines and duplicated blueprints.

In July 1990, in an effort to reduce costs, the manager of plaintiff's department was directed to cut the staff in the department by approximately 17 percent. She chose the employees to be laid off based upon their annual performance appraisals and departmental rankings. The ranking system, known as "totem poles," ranked employees relative to their peers within their respective departments. For the three years preceding the layoffs, plaintiff consistently was ranked near the bottom of her department. The manager selected plaintiff for layoff; and plaintiff's immediate supervisor approved the

decision. Subsequently, a total of 19 employees from the department were discharged. Those employees who had been in the department for less than one year, one of whom was 49 years of age, survived layoff. Of the employees discharged, 60 percent were under the age of 40. The average age of the employees remaining in the department was older after the layoffs than before. Plaintiff's replacement was a twenty-seven-year-old.

In November 1991, plaintiff brought the present action against defendant, alleging that her discharge was unlawful because age was a determinative factor in defendant's decision to fire her. Her amended petition was in two counts, each count brought under a separate statute: Count I under the Missouri Human Rights Act, § 213.010, RSMo (1986); and Count II under the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621–634 (1982) (ADEA). Plaintiff eventually dismissed her state claim; the remaining claim was based solely on the federal ADEA.

Prior to trial, defendant filed a motion in limine in which it sought to exclude evidence that plaintiff was discharged because of her years of service and because her salary was at the high end of the pay scale. Defendant also sought to exclude evidence that employees with less than one year of service were spared termination. At the hearing on the motion in limine, the trial court indicated that the existing case law under the ADEA did not favor admission of the challenged evidence. Plaintiff's counsel stated that without that evidence, it would be impossible for plaintiff to prove that she was the victim of age discrimination.

At that point, defendant moved orally for summary judgment, filing a written motion sometime later. Plaintiff's counsel waived the notice requirements and the parties argued the motion before the trial court. Both parties made offers of proof and submitted exhibits, affidavits, and plaintiff's deposition for the court's review. After the hearing, the trial court found that plaintiff failed to make a submissible case of age discrimination and granted summary judgment in favor of defendant.

In her first point, plaintiff asserts the trial court erred in granting summary judgment in favor of defendant. Her claim of error is two-pronged. She first argues that summary judgment is generally inappropriate in ADEA cases; and secondly, she contends that summary judgment was improper in this specific case because she made a prima facie case of age discrimination.

■ The ADEA forbids an employer from discharging an employee within the age-protected group (40 and over) because of the employee's age, 29 U.S.C.A. § 623(a)(1) (1982), but specifically excludes discharge for good cause. 29 U.S.C.A. §§ 623(f)(1) and (3) (1982). Because this court is construing a federal statute, the decisions of the United States Supreme Court and of the federal courts interpreting that statute are binding. *Wimberly v. Labor and Indus. Relations Comm'n of Missouri*, 688 S.W.2d 344, 347–348 (Mo.Banc 1985), *aff'd*, 479 U.S. 511, 107 S.Ct. 821, 93 L.Ed.2d 909 (1987).

■ In a reduction-in-force case, a plaintiff demonstrates a prima facie case of age discrimination by establishing the following: (1) that he or she was in a protected age group; (2) that he or she was adversely affected by the employment decision; (3) that he or she was qualified for the position at issue; and (4) that he or she was treated less favorably than younger employees during the reduction in force. *REA v. Martin Marietta Corp.*, 29 F.3d 1450, 1454 (10th Cir.1994); *see also Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1165–1166 (8th Cir.1985). After the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment decision. *REA*, 29 F.3d at 1454 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). Once the defendant meets its burden by offering a legitimate rationale in support of its employment decision, the burden shifts back again to the plaintiff to show that the defendant's proffered reasons were a pretext for discrimination. *Id.* at 1455.

■ We first address plaintiff's argument that, in general, summary judgment is inap-

propriate in actions brought under the ADEA. Rule 74.04(c)(3) provides for the entry of summary judgment if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Plaintiff contends that under the ADEA the intent of the employer is paramount and it is always an issue of fact as to whether the employer's reasons for its acts in dealing with an employee were pretextual.

Plaintiff's argument is without merit. Federal courts have granted motions for summary judgment in cases brought under the ADEA. The courts have found summary judgment appropriate either when a plaintiff failed to make a prima facie case against the defendant under the ADEA, *Bashara v. Black Hills Corp.,* 26 F.3d 820 (8th Cir.1994); or when, after a plaintiff has established a prima facie case, he or she has failed to show that the defendant's nondiscriminatory rationale for its actions was pretextual. *REA,* 29 F.3d at 1450; *Goldman v. First Nat. Bank of Boston,* 985 F.2d 1113 (1st Cir.1993). In the instant action, therefore, the trial court properly considered defendant's motion for summary judgment.

We next consider whether the trial court erred in granting summary judgment in favor of defendant in this specific case. In reviewing the propriety of a summary judgment, the appellate court will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.Banc 1993). Facts set forth in the moving party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* The appellate court accords the non-movant the benefit of all reasonable inferences from the record. *Id.* Review is essentially *de novo* and the appellate court need not defer to the trial court. *Id.* The propriety of summary judgment is purely an issue of law. *Id.*

The ADEA does not require that every plaintiff in a protected age group be allowed a trial simply because he or she was discharged during a reduction in work force.

*Holley,* 771 F.2d at 1165–1166. To survive a summary judgment motion under *Holley,* a plaintiff needs to present evidence sufficient to raise a genuine issue as to whether age was a factor in the defendant's decision to terminate. *Id.* at 1166. In the case before us, the only issue is whether plaintiff proved a prima facie case of age discrimination by establishing the fourth element of a cause of action in a reduction-in-force case; namely, whether the employer's treatment of her was premised on age.

Plaintiff first attempted to show that her termination was based on her years in service; and because her years in service correlated with her age, age was a determinative factor in her discharge. In *Hazen Paper Company v. Biggins,* — U.S. —, —––—, 113 S.Ct. 1701, 1707–1708, 123 L.Ed.2d 338 (1993), the United States Supreme Court held that discharging an employee to prevent his pension benefits from vesting did not violate the ADEA, where the pension benefits vested by virtue of the employee's years in service. The Supreme Court determined that when an employer's decision was motivated by factors other than age, there was no violation of the ADEA, even if the motivating factor correlated with age. *Id.* at —, 113 S.Ct. at 1706. The court acknowledged that although pension status might be a proxy for age, the ADEA did not make age the equivalent of pension status:

On average, an older employee has had more years in the work force than a younger employee, and thus may well have accumulated more years of service with a particular employer. Yet an employee's age is analytically distinct from his years of service. An employee who is younger than 40, and therefore outside the class of older workers as defined by the ADEA, ... may have worked for a particular employer his entire career, while an older worker may have been newly hired. Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age-based.'

*Id.* at ——, 113 S.Ct. at 1707. Because age did not equate to years in service, even assuming that plaintiff's discharge was based upon her years in service, defendant's actions did not constitute age discrimination under the ADEA.

■ Plaintiff also sought to establish that her discharge on the basis of her level of compensation was violative of the ADEA because her high salary equated with her age. In *Thomure v. Phillips Furniture Co.*, 30 F.3d 1020 (8th Cir.1994), the federal court of appeals held that a fifty eight year old employee failed to make a submissible case under the ADEA when his salary was reduced. The employee contended that the employer's actions were age-based because the wages of the oldest employees, who were also the most senior and the highest paid, were cut more severely than those of employees earning less money. *Id.* at 1022. The court extended the holding in *Hazen Paper* to an employer's decision to cut wages, when the cuts in wages were age-neutral and motivated by business judgment. *Id.* at 1024. The court stated that the employer did not rely on age as a proxy for the high salaries it wished to reduce, but rather looked at the salaries themselves. *Id.* The court sanctioned the actions of the employer which took into account the salary of the employee, while ignoring the age of the employee, even though there happened to be a correlation between the factors of age and salary. *Id.* Based upon the holding in *Phillips Furniture*, assuming defendant's termination of plaintiff was based upon her salary, the actions of defendant did not constitute age discrimination under the ADEA.

■ Finally, plaintiff contended that defendant's policy of not laying off those employees who were employed for less than one year was tantamount to age discrimination. Yet, the record does not support plaintiff's contention that she was treated differently from younger employees when she was discharged. One of the employees, who was retained because she was employed for less than one year, was the same age as plaintiff. Also, in accordance with *Hazen Paper*, years in service did not equate with age; and an employer's decision either to terminate or to retain an employee based on that employee's years in service did not demonstrate age discrimination.

Here, plaintiff failed to prove that defendant's treatment of her was different from its treatment of younger employees and that defendant discriminated against her on the basis of age. Rather, the record contains evidence that plaintiff was fired as part of a bona fide reduction in work force, which occurred as a result of defendant's exercise of business judgment. The reduction-in-force plan called for the discharge of a certain percentage of the employees in plaintiff's department. Plaintiff's department manager determined which employees were to be laid off based upon the objective criterion of the departmental rankings. Plaintiff was ranked near the bottom of her department. It is immaterial that plaintiff was more senior and higher paid than others in her department, because plaintiff's age, although it correlated with those two factors, was not a motivating factor in defendant's decision to fire her.

Because plaintiff failed to establish that age was a determinative factor in her discharge, she did not demonstrate a prima facie case of age discrimination and thus failed to make a submissible case under the ADEA. The court properly entered summary judgment in favor of defendant. Plaintiff's first point is denied.

Because our holding under plaintiff's point one is dispositive of the remaining issue on appeal, it is unnecessary to address plaintiff's second point.

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.