Bobby W. WEST, Appellant,

v.

CONOPCO CORPORATION, d/b/a
Thomas J. Lipton Company,
Respondent.

No. WD 54540.

Missouri Court of Appeals,
Western District.

June 16, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court July 28, 1998.

Application to Transfer Denied
Sept. 22, 1998.

George Kapke, Independence, for Appellant.

William Martucci, Kansas City, for Respondent.

HANNA, Judge.

In 1993, the plaintiff, Bobby West, was laid off from his position with the defendant, Conopco Corporation, d/b/a Thomas J. Lipton Company, after a company-wide reduction in force which included Lipton's facility in Independence. West filed a complaint with the Missouri Commission on Human Rights and subsequently obtained a "Right to Sue Letter." Pursuant to § 213.010, RSMo 1994, *et seq.*, West brought suit against Lipton claiming that he was discriminatorily discharged on the basis of his age. After a hearing and argument, the circuit court entered findings of fact and conclusions of law and sustained Lipton's summary judgment motion. West appeals, claiming there are material facts which establish a *prima facie* case of age discrimination.

West had worked for Lipton since 1971 at different facilities and in numerous different positions. In 1982, he was transferred to Lipton's Independence plant as the Instant Tea Production Manager. In 1983, West became the Tea Blending Manager. In 1991, he transferred to the laboratory of the Quality Assurance Group as an analytical technician. West's supervisor, from the time he began working as an analytical technician until he was laid off, was Don Williams. Two other analytical technicians, Bob Wojton and Joe Tibbetts, also reported to Williams during this time. All of the employees in the Quality Assurance Group, including West, anticipated one of the three would probably be laid off during the company-wide reduction in force.

West was laid off, along with 10 other individuals, as part of the reduction in force over the last six months of 1993 and the first six months of 1994. In a meeting in December 1993, West was advised by Williams and the plant manager that he was going to be permanently laid off. During this meeting, West asked why he was not allowed to "bump" employees junior to him. He was told that it was not an option. As part of his severance package, West received $9600 to purchase a year's worth of health insurance, $67,000 in severance pay for 69 weeks, and his retirement pension benefits. As of the

date of West's lawsuit, the position has remained eliminated.

West claims that his allegation that he was not allowed to "bump" junior employees stated a material fact. In response, Lipton contends that the reduction in force was a legitimate, nondiscriminatory reason to discharge West and there is no evidence that West's termination was age related. Lipton points to its personnel policies, which West acknowledges, that prohibit discrimination on the basis of sex, race, or age, and Williams' testimony that his decision to lay off West was because West was the least senior chemist and his position could be eliminated with the least disruption while keeping the department functional.

In ruling on a motion for summary judgment, the Missouri Rules of Civil Procedure provide that the judgment sought shall be entered "if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(3). If a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, upon which they bear the burden of proof at trial, summary judgment is appropriate against them. *Id.* An appellate court reviews the record "in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993) (citations omitted). The non-movant is accorded the benefit of all reasonable inferences from the record. *See id.; Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 244 (Mo. banc 1984). With respect to an age discrimination case, the "function of the court on a summary judgment motion is to determine whether the 'proffered admissible evidence shows circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive,'" *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 204 (2nd Cir.1995)(quoting *Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 38 (2nd Cir.1994)), or whether there is "evidence, either circumstantial or direct, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue."

*Ingels v. Thiokol Corp.,* 42 F.3d 616, 621 (10th Cir.1994)(quoting *Branson v. Price River Coal Co.,* 853 F.2d 768, 771 (10th Cir. 1988)).

The Missouri Human Rights Act (MHRA) prohibits employers from engaging in unlawful employment practices, including terminating an employee on the basis of the employee's age. *See* § 213.055, RSMo 1994. "The pivotal issue in any claim of unlawful discrimination is whether the employer's conduct challenged by the plaintiff was motivated by an invidious purpose or whether it was based on a legitimate and rational consideration." *Midstate Oil Co. Inc. v. Missouri Comm'n on Human Rights,* 679 S.W.2d 842, 845 (Mo. banc 1984).

"[T]he same analysis applies for age discrimination claims under both the ADEA and the MHRA." *Rinehart v. City of Independence, Mo.,* 35 F.3d 1263, 1265 n. 1 (8th Cir.1994); *Midstate Oil,* 679 S.W.2d at 845–46; *In re Estate of Latimer,* 913 S.W.2d 51, 55 (Mo.App.1995). Thus, federal decisions interpreting the federal age discrimination act are instructive when analyzing MHRA claims.[1] *See e.g. Herrero v. St. Louis University Hosp.,* 109 F.3d 481, 483–4 (8th Cir.1997)(interpreting the MHRA).

Age discrimination may be established by direct evidence or, as West attempts here, by inference. When the employee is attempting to establish discrimination by inference, the United States Supreme Court has fashioned a three-part burden shifting analysis. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993)(clarifying the analysis initially articulated in *McDonnell Douglas*); *Midstate Oil,* 679 S.W.2d at 846 (adopting the methodology of *McDonnell Douglas*). The initial burden lies with the plaintiff/employee who must demonstrate a *prima facie* case of wrongful termination by establishing: (1) that he is within the protected age group; (2) that he met applicable job qualifications; (3) that he was discharged; and, in a reduction

---

1. Age Discrimination in Employment Act of 1967   (ADEA), 29 U.S.C. §§ 621 *et seq.*

in force case, (4) some additional showing that age was a factor in his discharge, or that the discharge occurred under circumstances giving rise to an inference of age discrimination. *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1165–66 (8th Cir.1985)(quoting *LaGrant v. Gulf and Western Mfg. Co., Inc.,* 748 F.2d 1087 (6th Cir.1984)); *Cronin,* 46 F.3d at 204. This is so because the decision as to whom may be laid off in a reduction in force may not be made on the basis of age. *ADEA,* 29 U.S.C.A. § 421 *et seq.; Glover v. McDonnell Douglas Corp.,* 981 F.2d 388, 393 (8th Cir.1992), *cert. granted and vacated on other grounds,* 510 U.S. 802, 114 S.Ct. 42, 126 L.Ed.2d 13 (1993) (citations omitted). The "ultimate burden that plaintiff must meet is to show that age was a determining fact in the discharge." *Holley,* 771 F.2d at 1164 (citing *Cova v. Coca–Cola Bottling Co. of St. Louis, Inc.,* 574 F.2d 958, 959 (8th Cir. 1978)).[2]

Observing that it was not uncommon for businesses to reduce their work force to meet competition and increase productivity and profitability, the Second Circuit stated:

> Economic decisions of that sort are, of course, outside a court's purview. But sometimes the validity of a company's legitimate reduction masks, in an individual case, a discriminatory animus.

*Gallo v. Prudential Residential Serv., L.P.,* 22 F.3d 1219, 1221 (2nd Cir.1994).

In reduction in force terminations, it is not sufficient that an otherwise competent employee proves that he was terminated in order to establish a *prima facie* case. The problem was addressed in *Holley,* where the court observed:

> [S]ome additional showing should be necessary to make a prima facie case in a reduc-

tion in force situation.... We agree with the Sixth Circuit that "[t]he mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination" and that the "plaintiff in such reorganization cases must come forward with additional ... evidence that age was a factor in his termination in order to establish a prima facie case."

771 F.2d at 1165–66 (quoting *La Grant v. Gulf & Western Mfg. Co., Inc.,* 748 F.2d 1087 (6th Cir.1984)). In order to establish a *prima facie* case in a reduction in force termination claim, a plaintiff must "produce some additional evidence that a prohibited criterion such as age ... was a factor in [the plaintiff's] termination." *Herrero,* 109 F.3d at 483–84 (citations omitted). Such additional evidence requires a showing "that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Cronin,* 46 F.3d at 204 (citations omitted). *See also Gallo,* 22 F.3d at 1224 (citations omitted).[3] This may be established through circumstantial evidence that the plaintiff "was treated less favorably than younger employees during the reduction in force." *E.E.O.C. v. Texas Instruments Inc.,* 100 F.3d 1173, 1181 (5th Cir.1996)(ruling that in a reduction in force, if the employee can show that he was terminated in favor of a "younger, clearly less qualified" individual, a material fact issue exists).

■ Our review of the federal decisions shows a relatively consistent interpretation. "Most circuits are in accord and require that the plaintiff show through circumstantial, statistical, or direct evidence that the discharge occurred under circumstances giving rise to an inference of age discrimination."

---

2. If the employee succeeds in establishing a *prima facie* case of discrimination, the burden shifts and the employer may rebut by articulating a legitimate nondiscriminatory reason for its actions. If the employer justifies its decision, the presumption of age discrimination created by the employee's *prima facie* case is dispelled. The employee must then demonstrate that the employer's reason was pretextual and that the plaintiff's age was a substantial or motivating reason for the discharge. See *St. Mary's Honor Ctr.,* 113 S.Ct. at 2747; *Torre v. Casio, Inc.,* 42 F.3d 825, 829 (3d Cir.1994); *McKenna v. Pacific Rail Ser-*

*vice,* 32 F.3d 820, 825–26 (3rd Cir.1994). We do not reach this level of analysis, however, as West failed to establish a *prima facie* case.

3. See also *Cramer v. McDonnell Douglas Corp.,* 120 F.3d 874, 876 (8th Cir.1997)(requiring "some additional showing that age was a factor in [the employee's] termination"); *Bashara v. Black Hills Corp.,* 26 F.3d 820, 823–24 (8th Cir.1994)(describing the fourth element as an "additional showing").

*Rose v. Wells Fargo & Co.,* 902 F.2d 1417, 1421 (9th Cir.1990) (citations omitted). *See also Ritter v. Hughes Aircraft Co.,* 58 F.3d 454, 457 (9th Cir.1995); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 891 (9th Cir.1994). Thus, a plaintiff must make a showing from which a fact finder might reasonably conclude that the employer impermissibly used age as a factor when terminating an employee.[4]

The parties have agreed that West is a member of the protected class, that he was qualified to perform the position, and that he was discharged, thereby establishing the first three elements of a *prima facie* case of age discrimination. With regard to the fourth element, West sets forth two different reasons for his claim that age was a factor in his termination during Lipton's reduction in force. His primary contention is that when he was laid off, he sought the opportunity to "bump" one of the several junior employees in positions he was qualified to fill. He contends that he was not given this option, although there were junior employees that he should have been allowed to replace, which, he argues, would have been in line with company policy.

■ West asserts that the company's policy was that "[e]mployees, whose continued employment is contingent upon displacing an employee with less service, will be placed in the salary range assigned to the position they are accepting." West makes a vague reference to the fact that "[o]ther employees who were selected for reduction in force layoffs were allowed to either displace junior employees or retire with benefits." There is a reference to a Mr. Egner in the deposition testimony but no reference to him, or any other employee, in the appellant's brief. West also sets forth the names and positions of various other junior employees in the company whose jobs he believed he was qualified to fill.

West's factual contention that Lipton anticipated senior employees to replace junior employees in positions for which the senior employee is qualified, is not supported by the record. No evidence supports West's claim that Lipton intended senior employees to bump junior employees during a reduction in force; nor is there evidence to suggest that the policy mentioned above applied to non-union employees. We agree with the trial court's finding that there was no company policy that permitted non-union employees to bump other employees. Thus, West does not raise facts which create a material issue of factual dispute with regard to his alleged denial of the opportunity to bump a junior employee.

Moreover, West cannot point to any history at the Independence plant which allowed an exempt salaried employee to replace a junior employee. West asserts that he thought that Mr. Egner was given the opportunity to replace a junior employee. Although lacking a factual basis to establish that Egner was given the opportunity to bump a junior employee, the law does not support West's claim of age discrimination with respect to Egner. *See Barber v. American Airlines, Inc.,* 791 F.2d 658 (8th Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 278 (1986). In *Barber,* the court found that an employee could not argue age discrimination on the theory that he was not allowed to replace or "bump" junior employees, when the other employees "who were allegedly given the privilege that the [employee] now claim were also within the protected age group." *Id.* The *Barber* court found that ages of the allegedly favored employees (those employees who were allowed to bump junior employees) ranged from 46 to 54,

---

4. West argues that it is apparent that "the trial court believed that the modification of the fourth element of the McDonnell Douglas test was to make that element more difficult in the face of a reduction of force rather than to relax that element in the face of a reduction in force." West cites the case of Torre v. Casio, Inc., for the proposition that the fourth element is "relaxed" in reduction in force terminations. 42 F.3d 825, 831 (3rd Cir.1994). In the Torres case, the employee alleged that younger people subsumed his duties when he was first transferred into a "dead-end" job, and then terminated in a reduction in force. Id. The court ruled that these facts are not, as a matter of law, insufficient to infer age discrimination. Id. at 832. We do not agree with West that this analysis supports his characterization that the fourth requirement of a *prima facie* case is relaxed, as the Torres court still required an inference that age was a factor in the decision to terminate an employee in a reduction in force context.

while the plaintiff employees were 48, 51 and 58 years of age. *Id.* The court concluded that:

> In these unusual circumstances, an inference of age discrimination is plainly impermissible. For even if [the employee was] unfairly treated ... no inference of age discrimination can be drawn, for the simple reason that the employees who were allegedly given preferential treatment were not "young." They were in the same age group as the [employee.] If any kind of discrimination is operating here, therefore, it is not age discrimination, and that is all this case is about.

*Id.*

■ The reasoning of the *Barber* court is applicable to West's position. Egner, who is 10 days younger than West, is not "young" in the context of assessing age discrimination, and therefore cannot be deemed a "younger employee."[5] For the purposes of age discrimination analysis, 10 days is an insignificant distinction. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996)(finding that "an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger"). As such, West cannot establish an inference that he was treated less favorably than a younger employee during the reduction in force. *See Thiokol Corp.*, 42 F.3d at 621. *See also Barber*, 791 F.2d at 660.

■ West's second contention that age was a factor in his termination was evidenced by: (1) the fact that he and his wife suffer from health problems (which "constituted substantial risks that [Lipton] wanted to avoid"); (2) he was never provided his COBRA benefits upon termination; and (3) he was not allowed to retire and correspondingly receive health care benefits from his employer. While these unsubstantiated factual allegations may relate to some form of discrimination, they do not relate to discrimination on the basis of age, as claimed by West. *See Fox v. McDonnell Douglas Corp.*, 890 S.W.2d 408, 412 (Mo.App.1995)(citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S.Ct.

1701, 1706–07, 123 L.Ed.2d 338 (1993))(ruling that when "an employer's decision was motivated by factors other than age, there was no violation of the ADEA, even if the motivating factor correlated to age.").

West does not allege any direct evidence of age discrimination, nor are there any facts from which a fact finder could reasonably infer that age was a factor in the decision to terminate him during Lipton's reduction in force. West testified that he was not aware of any statements or conduct by Lipton employees that indicate an intent to discriminate because of his age. He concedes that he does not believe that Mr. Williams, who selected him for layoff, had any intent to discriminate against him on the basis of age. Furthermore, Mr. Williams' testimony is undisputed that his decision was based on the fact that West was the least senior, least experienced analytical technician in the Quality Assurance Group.

■ Thus, West's evidence, as a matter of law, fails to create a question of material fact as to whether his discharge was motivated by his age. He has not established a *prima facie* case of age discrimination under the MHRA. The facts clearly established that as the least senior, least experienced chemist in the Quality Assurance Group, West was selected for layoff because he was the analytical technician that the company could most easily function without in an efficient and effective manner. If a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, upon which they bear the burden of proof at trial, summary judgment is appropriate against them. *See ITT Commercial Finance Corp.*, 854 S.W.2d at 376; Rule 74.04(c)(3). Accordingly, the trial court's decision to grant Lipton summary judgment is affirmed.

LAURA DENVIR STITH, P.J., and RIEDERER, J., concur.

---

5. West's date of birth is May 31, 1940, and Egner's date of birth is June 10, 1940.