Dean STANLEY, Respondent,

v.

JERDEN FOODS, INC., Appellant.

No. WD 68803.

Missouri Court of Appeals,
Western District.

Sept. 23, 2008.

Gene P. Graham, Independence, MO, for Respondent.

Stacey Alan Campbell, Denver, CO, for Appellant.

Before HAROLD L. LOWENSTEIN, P.J., PAUL M. SPINDEN, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

JerDen Foods, Inc. appeals the judgment of the trial court in the amount of $10,390.42 in favor of Dean Stanley. Mr. Stanley sued the company under the Missouri Human Rights Act (MHRA) for age discrimination. On appeal, JerDen Foods claims that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict because Mr. Stanley failed to present a submissible case. The judgment is affirmed.

**Factual and Procedural Background**

The evidence and reasonable inferences therefrom are viewed in the light most favorable to the verdict. *Poloski v. Wal–Mart Stores, Inc.*, 68 S.W.3d 445, 448 (Mo. App. W.D.2001). Mr. Stanley was born October 21, 1943. He worked as a meat department manager for twenty-eight years. In 2003, Thriftway, where Stanley worked, was purchased by JerDen Foods. JerDen Foods planned to close the store and re-open it in a different location.

In October 2003, Mr. Stanley interviewed with JerDen Foods for the position of meat department manager. He was hired and told that he would be the meat

manager for the current location and would have the opportunity to be meat manager in the new location once it opened.

On February 24, 2004, JerDen Foods hired thirty-three-year-old Carl Winston as the new meat department manager for the new location. The next day, Mr. Stanley was told by Gary Twilling, the store manager and his immediate supervisor, that he was being demoted to first cutter because the owner of JerDen Foods "wishes to bring a younger man up to replace you."[1] The store manager also asked Mr. Stanley how old he was, and when Mr. Stanley responded sixty, the store manager asked, "[D]on't you think that maybe you ought to go ahead and think about retiring?"

On March 1, 2004, JerDen Foods decided to terminate Mr. Stanley. On March 6, the store manager asked Mr. Stanley if he had given any more thought to retiring. When Mr. Stanley told him that he could not afford to retire, the store manager suggested that Mr. Stanley talk to his wife about it. Mr. Stanley was then told that he was being terminated.

Mr. Stanley subsequently sued JerDen Foods for age discrimination. Following a trial, the jury returned a verdict in favor of Mr. Stanley for the amount of $10,390.42. JerDen Foods moved for judgment notwithstanding the verdict, and the trial court denied the motion. This appeal by JerDen Foods followed.

## Points On Appeal

JerDen Foods raises two points on appeal claiming that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict. It asserts that Mr. Stanley failed to make a submissible case of age discrimination by direct or circumstantial evidence.[2]

## Standard of Review

■■■ When reviewing the denial of motions for directed verdict and judgment notwithstanding the verdict, we view the evidence and all reasonable inferences in the light most favorable to the non-moving party, and disregard contrary evidence and inferences. *Poloski*, 68 S.W.3d at 448. "The standard of review for a denial of a motion for a judgment notwithstanding the verdict is the same as that for the denial of a motion for directed verdict." *Id.*

■■■ The plaintiff must present a submissible case to defeat either motion. *Gill Constr., Inc. v. 18th & Vine Auth.*, 157

---

1. The store manager denied making this statement.

2. We note that JerDen Foods' brief violates the briefing requirements of Rule 84.04. First, Rule 84.04(c) requires that the statement of facts be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." JerDen Foods statement of facts is argumentative and presents only facts favorable to its defense. Second, its points relied on fail to comply with Rule 84.04(d). Rule 84.04(d)(1)(B) requires a point to "state concisely the legal reasons for the appellant's claim of reversible error." "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). JerDen

Foods' points relied on are devoid of an explanation of the legal reasons for reversible error. They merely state that Mr. Stanley failed to make a submissible case of age discrimination without setting out on which element or elements of his *prima facie* case Mr. Stanley failed to present substantial evidence. This deficiency is compounded by JerDen Foods' failure to include the jury instructions submitted in the case and its omission from the transcript of opening and closing arguments. Nevertheless, despite these deficiencies, we are able to discern JerDen Foods' argument and, thus, review the merits of its appeal. *Johnson v. Mo. Dep't of Health & Senior Servs.*, 174 S.W.3d 568, 588 (Mo.App. W.D.2005).

S.W.3d 699, 717 (Mo.App. W.D.2004); *Poloski*, 68 S.W.3d at 448. A plaintiff presents a submissible case by offering "substantial evidence for every fact essential to liability." *Love v. Hardee's Food Sys., Inc.*, 16 S.W.3d 739, 742 (Mo.App. E.D. 2000). " 'Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of facts can reasonably decide the case.' " *Id.* (citation omitted). Whether evidence is substantial and whether any inferences drawn are reasonable are questions of law, which we review *de novo*. *Id.* This court will not overturn a jury's verdict unless there is a " 'complete absence of probative facts' " to support it. *Gill Constr.*, 157 S.W.3d at 712 (quoting *Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 461 (Mo. banc 1998)). " 'If a party makes a case under any theory submitted to the jury, the motion for directed verdict and motion for judgment notwithstanding the verdict are properly denied.' " *Id.* at 716 (citation omitted).

## Discussion

 The MHRA prohibits employers from engaging in unlawful employment practices, including discriminatory actions based upon age. *West v. Conopco Corp.*, 974 S.W.2d 554, 556 (Mo.App. W.D.1998). " 'The pivotal issue in any claim of unlawful discrimination is whether the employer's conduct challenged by the plaintiff was motivated by an invidious purpose or whether it was based on a legitimate and rational consideration.' " *Id.* (citation omitted). In deciding a discrimination claim based on the MHRA, "appellate courts are guided by both Missouri law and federal employment case law that is consistent with Missouri law." *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. banc 2007). The protections the MHRA provides, however, are not identical to federal standards and "can of-

fer greater discrimination protection." *Id.* at 818–19. The MHRA defines discrimination as "any unfair treatment based on race, color, religion, national origin, ancestry, sex, age as it relates to employment, disability, or familial status as it relates to housing." Section 213.010(5), RSMo 2000. "The MHRA protects persons aged 40 to 70 from age discrimination." *Daugherty*, 231 S.W.3d at 820 n. 8 (citing § 213.010(1), RSMo 2000).

 MAI 31.24 sets out the elements necessary for a submissible case of age discrimination. *Id.* MAI 31.24 provides:

Your verdict must be for plaintiff if you believe:

First, defendant *(here insert the alleged discriminatory act, such as "failed to hire," "discharged" or other act within the scope of Section 213.055, RSMo)* plaintiff, and

Second, *(here insert one or more of the protected classifications supported by the evidence such as race, color, religion, national origin, sex, ancestry, age, or disability) was a contributing factor in such (here, repeat alleged discriminatory act, such as "failure to hire," "discharge," etc.),* and

Third, as a direct result of such conduct, plaintiff sustained damage.

* [unless you believe plaintiff is not entitled to recover by reason of Instruction Number *(here insert number of affirmative defense instruction)* ].

MAI 31.24 (6th ed. Supp.2007). The discrimination need not be a substantial or determining factor in the challenged employment action. *Daugherty*, 231 S.W.3d at 819; *McBryde v. Ritenour Sch. Dist.*, 207 S.W.3d 162, 170 (Mo.App. E.D.2006). The plaintiff can prove discrimination by showing age or any protected characteristics was a *contributing* factor for the employment action "regardless if other fac-

tors also exist." *McBryde*, 207 S.W.3d at 170. *See also Daugherty*, 231 S.W.3d at 819; MAI 31.24.

JerDen Foods raises two points on appeal: (1) Mr. Stanley failed to provide direct evidence of discrimination and (2) in the absence of direct evidence, Mr. Stanley failed to provide sufficient circumstantial evidence from which it could be reasonably inferred that age was a contributing factor in his demotion and termination. Because we find there was sufficient direct evidence for a reasonable fact finder to conclude that age was a contributing factor, this issue is dispositive, and we do not address the claim of lack of circumstantial evidence.

 Direct evidence is that which provides "a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employment decision." *Daugherty*, 231 S.W.3d at 818 n. 4. "Direct evidence of discrimination may include evidence of remarks or comments which indicate discriminatory animus on the part of those with decision making authority. '[A]ctions or remarks ... uttered by individuals closely involved in employment decisions may constitute direct evidence'...." *Campos v. City of Blue Springs, Mo.*, 289 F.3d 546, 552 (8th Cir.2002) (internal citations and parenthesis omitted). *See also Daugherty*, 231 S.W.3d at 818 n. 4. However, if a decision-makers comments are unrelated to the decisional process, they cannot be considered direct evidence of discriminatory animus. *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 449 (8th Cir.1993); *Daugherty*, 231 S.W.3d at 818 n. 4.

 Sufficient direct evidence of age discrimination was presented in this case to support the jury's finding in favor of Mr. Stanley. In the conversation about demoting Mr. Stanley to first cutter, Mr. Twilling told Mr. Stanley that the owner of JerDen Foods wanted to replace him with a younger man. Mr. Twilling also asked Mr. Stanley how old he was and stated that he may want to consider retirement. Mr. Twilling again asked about Mr. Stanley's retirement plans just before terminating him. JerDen Foods argues that Mr. Twilling was a non-decision maker and, therefore, comments he made while demoting and before terminating Mr. Stanley were simply stray remarks. Mr. Twilling, however, testified that he was directly involved in the decision making process both to demote and terminate Mr. Stanley. Furthermore, Mr. Twilling was relaying a message from the store's owner, who is certainly the lead decision maker and whose age related comments can be direct evidence of discrimination. *See Campos*, 289 F.3d at 552. As JerDen Foods points out, inquiries into the retirement plans of an employee who is of retirement age do not rise to the level of age discrimination. *See Thomure v. Phillips Furniture Co.*, 30 F.3d 1020, 1025 (8th Cir.1994). "Considered individually, certain of the complained of comments ... arguably would be stray remarks. Viewed collectively, however, a reasonable jury could conclude that the remarks ... constituted evidence of discrimination...." *Schreiber v. Worldco, LLC*, 324 F.Supp.2d 512, 522 (S.D.N.Y.2004).

Mr. Twilling denied telling Mr. Stanley he was being replaced with a younger man, and both he and JerDen Foods' owner denied that Mr. Stanley's age was ever discussed when deciding to demote and terminate Mr. Stanley. As required by the standard of review, we look at the facts in the light most favorable to the verdict and to the non-moving party and disregard any unfavorable evidence and inferences to

the contrary. As such, we accept Mr. Stanley's testimony that Mr. Twilling told him the owner of JerDen Foods wanted to replace him with a younger man. This statement, coupled with Mr. Twilling's uncontested comments about Mr. Stanley's retirement plans on multiple occasions, is sufficient, direct evidence of discrimination that could lead a reasonable juror to conclude that Mr. Stanley's age was a contributing factor to his demotion and termination. The trial court did not err in denying JerDen Foods' motions for directed verdict and judgment notwithstanding the verdict. The point is denied.

The judgment is affirmed.

All concur.