# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1518

_____

Betty J. Widoe,                                    *
                                                   *
            Appellant,                             *
                                                   *  Appeal from the United States
    v.                                             *  District Court for the
                                                   *  District of Nebraska
District #111 Otoe County School,                  *
                                                   *
            Appellee.                              *

_____

Submitted:  October 24, 1997

Filed:   June 23, 1998

_____

Before McMILLIAN and BEAM, Circuit Judges, and WEBB,[1] District Judge.

_____

McMILLIAN, Circuit Judge.


        Betty J. Widoe (plaintiff) appeals from a final order entered in the United States
District Court for the District of Nebraska granting summary judgment in favor of Otoe
County School District No. 111 (defendant) on plaintiff's claim that defendant failed

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of  North Dakota, sitting by designation.

to hire her because of her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.  <u>Widoe v. Otoe County Sch. Dist. No. 111</u>, No. 8:CV96-291 (D. Neb. Jan. 23, 1997) (order granting defendant's motion for summary judgment) (hereinafter "slip op.").  For reversal, plaintiff argues, among other things, that the district court erred in holding that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law on plaintiff's disparate treatment claim when analyzed under the burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) (<u>McDonnell Douglas</u>), or under a mixed motives theory as in <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989) (<u>Price Waterhouse</u>).  For the reasons discussed below, we reverse the district court's dismissal of plaintiff's disparate treatment claim and remand the case for further proceedings consistent with this opinion.

## Jurisdiction

Jurisdiction was proper in the district court based upon 28 U.S.C. § 1331, 29 U.S.C. § 626.  Jurisdiction is proper in this court based upon 28 U.S.C. § 1291.  The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

The following summary of the factual background is largely based upon the district court's order.  Slip op. at 2-7.  Plaintiff was a substitute teacher for defendant from 1979 through 1995.  During the 1993-1994 and 1994-1995 academic years, plaintiff served as a full-time substitute third-grade teacher at Hayward Elementary School, which is within defendant's school district.  Around the spring of 1995, Beverley Dodds, the principal at Hayward Elementary School, decided to hire a permanent teacher for the third-grade position which plaintiff had been filling.   The position was advertised, and approximately 178 individuals, including plaintiff, applied.  Dodds appointed five individuals to a selection committee that was to interview

applicants and make a recommendation to the superintendent. The committee that Dodds appointed included one fifth-grade teacher, Susan Yohe, three third-grade teachers, Patsy Harper, Haeven Pedersen, and Beverly Jordon, and Dodds, herself.

The committee selected five or six applicants, including plaintiff, as finalists to be interviewed. Following the interviews, the committee recommended to the superintendent that the job be offered to Melissa Keeney, a recent college graduate in her early twenties. The superintendent recommended Keeney to the school board, which in turn voted to hire Keeney.

After exhausting her administrative remedies, plaintiff filed the present action in federal district court on May 10, 1996. She asserted disparate treatment and disparate impact claims.[2] In alleging disparate treatment, plaintiff maintained, in the alternative, that she was entitled to relief under a McDonnell Douglas pretext analysis or a Price Waterhouse mixed motives analysis. Defendant moved for summary judgment. Upon review, the district court first considered whether plaintiff could survive defendant's motion under the McDonnell Douglas analytical framework. The district court noted that defendant conceded that plaintiff had established a prima facie case of age discrimination. Slip op. at 9. The district court next held, as a matter of law, that defendant's articulated reason for not hiring plaintiff – "i.e., that Ms. Keeney was the best candidate for the job" – was a legitimate nondiscriminatory reason for its decision.

---

[2]Plaintiff's disparate impact claim is not an issue on appeal.

Id. at 5-6, 9-10.[3]  Finally, the district court concluded that plaintiff had failed to establish a genuine issue of material fact as to whether defendant's proffered reason

_____

[3]The  district court's description of defendant's legitimate nondiscriminatory reason for hiring Keeney over plaintiff generally summed up the views expressed by the selection committee members in their depositions.  See Widoe v. Otoe County Sch. Dist. No. 111, No. 8:CV96-291, slip op. at 3-6 (D. Neb. Jan. 23, 1997) (summarizing and quoting excerpts from the deposition testimony of individual members of the selection committee).

was pretextual and, ultimately, whether defendant's failure to hire plaintiff was motivated by intentional age discrimination.  Id. at 10-11 (citing Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996) (Rothmeier)).

The district court also considered whether plaintiff could survive defendant's motion under a Price Waterhouse mixed motives analysis.  The district court held that, because no reasonable jury could find that plaintiff's age was a motivating factor in defendant's decision not to hire her, plaintiff's claim failed as a matter of law under a mixed motives theory.  Id. at 11-13 (citing Philipp v. ANR Freight Sys., Inc., 61 F.3d 669, 673 (8th Cir. 1995)).

Upon further concluding that plaintiff failed as a matter of law on her disparate impact claim, the district court granted defendant's motion for summary judgment and entered judgment of dismissal with prejudice.  This appeal followed.

**Discussion**

We review a grant of summary judgment de novo.  The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).  The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record.  Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

*McDonnell Douglas pretext analysis*

Given the absence of direct evidence of age discrimination in the present case, plaintiff's disparate treatment claim is best analyzed at the present stage of the litigation as a McDonnell Douglas pretext case.  See Ryther v. KARE 11, 108 F.3d 832, 836 & n.1 (8th Cir.) (en banc) (holding that the facts of the case fall under the McDonnell Douglas standard, which does not require direct proof of discrimination for the plaintiff to make a submissible case), cert. denied, 117 S. Ct. 2510 (1997).  It is well-established that the now familiar three-stage analytical framework set forth in McDonnell Douglas, and refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981), applies to disparate treatment claims under the ADEA.  See, e.g., Ryther, 108 F.3d at 836; Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 776 (8th Cir. 1995).  Thus, we consider at this summary judgment stage: (1) whether plaintiff has sufficiently established a prima facie case of age discrimination, (2) whether defendant has sufficiently met its burden of producing a legitimate nondiscriminatory explanation to rebut plaintiff's prima facie case, and (3) whether plaintiff has sufficiently demonstrated that the proffered reasons were not the true reasons for the employment decision and that there is a genuine issue of material fact regarding the ultimate question of age discrimination.  See, e.g., St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-08 (1993).

As the district court noted, there is no dispute that plaintiff introduced sufficient evidence to establish a prima facie case of age discrimination.

Regarding defendant's legitimate nondiscriminatory reasons for not hiring plaintiff, defendant contends:

> The decision making process was described in detail by the selection committee members in their respective depositions.  The committee's reasons for the Keeney rather than Widoe selection included:

1. [Keeney] gave a very impressive interview (she was a bundle of energy).

2. [Keeney's] answers to their questions were good.

3. [Keeney] had excellent questions.

4. [Keeney] had some impressive experiences.

5. [Keeney] had a strong background in the reading program.

6. [Keeney] had good grades.

7. [The selection committee] couldn't locate some of [plaintiff's] references to check; they were not up-to-date.

8. [Plaintiff's] interview was not satisfactory. She didn't explain things well. She didn't answer the questions fully.

Brief for Appellee at 4-5; see also slip op. at 3-6 (summarizing and quoting excerpts from the deposition testimony of individual members of the selection committee).

Thus, the primary issue on appeal is whether plaintiff has sufficiently demonstrated genuine controversy concerning intentional age discrimination to survive defendant's motion for summary judgment. The law applicable at this stage of the analysis was clarified by this court in Rothmeier:

[T]he rule in this Circuit is that an age-discrimination plaintiff can avoid summary judgment only if the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision. The second part of this test sometimes may be satisfied without additional evidence

where the overall strength of the prima facie case and the evidence of pretext "suffice[s] to show intentional discrimination." The focus, however, always remains on the ultimate question of law: whether the evidence is sufficient to create a genuine issue of fact as to whether the employer intentionally discriminated against the plaintiff because of the plaintiff's age.

85 F.3d at 1336-37.

In support of her pretext argument, plaintiff disputes, as lacking credibility, defendant's assertion that she was not hired in part because her letters of recommendation were outdated and the references were difficult to locate. She suggests that these proffered reasons are not likely to be *true* reasons for her rejection because, for two entire school years prior to defendant's hiring decision, plaintiff had been working full-time in the very position defendant sought to fill. In fact, she notes, Dodds had personally observed plaintiff's teaching over those two years, including at least two observations that resulted in complimentary evaluations. See Appellant's Appendix at 11-13. In addition, Dodds *herself* wrote a favorable letter of recommendation for plaintiff during plaintiff's two-year tenure as a full-time substitute third-grade teacher. Id. at 109.[4] Patsy Harpster, another member of the selection

---

[4]In her letter of recommendation, dated June 14, 1994, Dodds wrote:

> Mrs. Widoe was a full-time, long term substitute in a self-contained third grade classroom during the 1993-94 school year at Hayward School and I was her immediate supervisor.

> Mrs. Widoe is an eager and enthusiastic teacher. She quickly establishes her place in the classroom and among her colleagues.

> In the classroom, Mrs. Widoe provided exciting and innovative activities for students. She is well aware of the need for

committee, also wrote a favorable letter of recommendation. Id. at 110.[5] We therefore agree with plaintiff that, when the facts are viewed in the light most favorable to plaintiff, defendant's alleged dissatisfaction with plaintiff's purportedly out-of-date letters of recommendation and difficult-to-locate references appears disingenuous, thus raising a genuine issue of fact regarding the pretextual nature of these proffered reasons.

The remaining reasons recited in defendant's brief to justify its selection of Keeney over plaintiff are either inherently subjective in nature or stated in purely subjective terms. According to defendant,

> Melissa Keeney impressed every member of the selection team with her credentials, experiences and her interview, and the value of the international perspective they felt Melissa Keeney will be able to bring to the classrooms. On the other hand, [plaintiff] did poorly on the interview. Hard as it might be to tell whose experience was superior, Melissa

> active learning for children and provided many hands-on experiences. Projects and field trips were designed to provide students with information beyond the classroom.
>
> Mrs. Widoe is dedicated to being an excellent teacher and often requested suggestions for the improvement of performance.
>
> The atmosphere in her classroom is one of learning and joy in the process of that learning.

[5]Patsy Harpster's letter of recommendation, dated May 27, 1994, states:

> I have worked with Betty Widoe since October, 1994 when she began substituting for the other 3rd grade teacher. She has been an enthusiastic and energetic co-worker and has brought her creativity to the classroom. The children seem to enjoy her very much.

Keeney clearly came out of the interview a winner over the other candidates, including [plaintiff].

Brief for Appellee at 9-10.

In McCullough v. Real Foods, Inc., 140 F.3d 1123 (8th Cir. 1998) (McCullough), the defendant relied upon subjective criteria to explain its employment decision. In reversing summary judgment for the defendant, this court commented:

Critical to our analysis in this case is the extremely subjective nature of the employer's stated promotion criteria. In the prima facie case context, we have agreed with the Tenth Circuit that "subjective criteria for promotions 'are particularly easy for an employer to invent in an effort to sabotage a plaintiff's prima facie case and mask discrimination.'"

Id. at 1129 (quoting Lyoch v. Anheuser-Busch Cos., 139 F.3d 612, 615 (8th Cir. 1998) (Lyoch) (quoting Thomas v. Denny's, Inc., 111 F.3d 1506, 1510 (10th Cir.), cert. denied, 118 S. Ct. 626 (1997))). We similarly hold in the present case that, while defendant is certainly entitled to rely at trial on evidence that its employment decision was based upon legitimate subjective criteria and subjective impressions that were free of any discriminatory animus, there is genuine controversy at this summary judgment stage as to whether age was a factor in the application of such subjective criteria or the formation of such subjective impressions.

Upon careful review, we therefore hold that, when the evidence is considered in its entirety in the light most favorable to plaintiff, a genuine issue of fact exists as to whether defendant's proffered reasons are pretextual or, stated differently, whether those articulated reasons are not the true reasons for defendant's failure to hire plaintiff.

Rothmeier makes clear that, in a disparate treatment case analyzed under the McDonnell Douglas framework, not every plaintiff who sufficiently calls into

questionthe truthfulness of the defendant's proffered explanation survives summary judgment. 85 F.3d at 1337. In <u>Rothmeier</u>, the plaintiff acknowledged that the real reason for his discharge was the defendant's desire "'to cover up its SEC problems and keep the millions of dollars it illegally collected' in violation of SEC regulations." <u>Id.</u> (quoting Brief for Appellant (Rothmeier) at 23). On that basis, this court concluded "[a]s [the plaintiff] contends, he may have been fired because he chose to do the right thing by investigating the alleged SEC violations. If that is the true reason for his discharge, that fact undercuts, rather than supports, his claim that [the defendant] fired him because of his age." <u>Id.</u> at 1338.

Notably, in <u>Ryther</u>, 108 F.3d at 837 (footnote omitted), this court explained:

> when the employer produces a nondiscriminatory reason for its actions, the prima facie case no longer creates a legal presumption of unlawful discrimination. The *elements* of the prima facie case remain, however, and if they are accompanied by evidence of pretext and disbelief of the defendant's proffered explanation, they may permit the jury to find for the plaintiff. This is not to say that, for the plaintiff to succeed, simply proving pretext is necessarily enough. We emphasize that evidence of pretext will not by itself be enough to make a submissible case if it is, standing alone, inconsistent with a reasonable inference of age discrimination.

In a footnote, the <u>Ryther</u> en banc court highlighted <u>Rothmeier</u> and <u>Barber v. American Airlines, Inc.</u>, 791 F.2d 658 (8th Cir.), <u>cert. denied</u>, 479 U.S. 885 (1986),[6] as examples of cases in which the plaintiff's evidence of pretext was not enough to create a submissible question of fact on the ultimate issue of intentional discrimination

---

[6]In <u>Barber v. American Airlines, Inc.</u>, 791 F.2d 658, 660 (8th Cir.), <u>cert. denied</u>, 479 U.S. 885 (1986), the circumstances were inconsistent with a finding of age discrimination because the individuals whom the plaintiffs identified as receiving preferential treatment were within the same age group as the plaintiffs.

because the evidence was *inconsistent with* a reasonable inference of the type of discrimination being alleged. 108 F.3d at 837 n.4.

In the present case, there are no analogous factual circumstances that are *inconsistent with* an inference of age discrimination. Moreover, it is well-established that direct evidence of intentional discrimination is not required. "The second part of [the summary judgment] test sometimes may be satisfied without additional evidence where the overall strength of the prima facie case and the evidence of pretext 'suffice[s] to show intentional discrimination.'" Rothmeier, 85 F.3d at 1337. "[R]ejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination and . . . '[n]o additional proof of discrimination is *required*.'" St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993) (footnote and citation omitted) (emphasis added).

Plaintiff, however, *has* presented additional evidentiary support for her claim of age discrimination. For example, she highlights the deposition testimony of selection committee member Pedersen, who admitted stating that one of the reasons that plaintiff was not chosen for the job was that "her recommendations were old and outdated," and another was that it had been "many years since [her course work] had been completed and [it] was also old." Appellant's Appendix at 35 (deposition of Haeven Pedersen). Selection committee member Jordon testified in deposition that "[t]he only thing with Betty [i.e., plaintiff] is – was some of her references were older than maybe some of the other people." Id. at 39 (deposition of Beverly Jordon). Similarly, selection committee member Harpster testified that one reason why she recommended others over plaintiff was that "[t]heir references were more up to date." Id. at 46 (deposition of Patsy Harpster). We agree with plaintiff that a reasonable inference to be drawn from these deposition statements is that age was a determinative factor in the selection

committee's recommendation of Keeney over plaintiff.[7]  Moreover, even if we were to assume that the age of plaintiff's letters of recommendation and the relative inaccessibility of her references were legitimate nondiscriminatory criteria on which to base the hiring decision, it appears to us that, under the particular facts of this case, defendant's reliance on such criteria lacks credibility.  Presumably, at some point prior to or during defendant's two-year employment of plaintiff as a full-time substitute third-grade teacher, defendant would have checked her then-current references and found them to be satisfactory at that time.  To the extent that defendant might now deny having made such a reference check in or around 1993, that denial would certainly call into question the truthfulness of defendant's present claim that plaintiff's lack of satisfactory references was a reason not to hire her in 1995 for the very same job.

Finally, we note that defendant hired six new teachers in 1995, only one of whom was over the age of forty.  Appellant's Appendix at 25 (deposition of Keith Rohwer, school superintendent).  While this fact certainly does not prove age discrimination, we believe that it is "the kind of fact which could cause a reasonable trier of fact to raise an eyebrow, and proceed to assess the employer's explanation for this outcome." Ryther, 108 F.3d at 844 (quoting Morgan v. Arkansas Gazette, 897 F.2d 945, 950-51 (8th Cir. 1990) (quoting MacDissi v. Valmont Indus., Inc., 856 F.2d 1054, 1058 (8th Cir. 1988))).

Upon careful review, we therefore  hold that, when the evidence is considered in its entirety in the light most favorable to plaintiff, there is a genuine issue of fact as to whether age was a determinative factor in defendant's decision not to hire her.

_____

[7]It is undisputed that these deposition statements were made, although the inference to be drawn from them is clearly in dispute.  Where inconsistent inferences can reasonably be drawn from undisputed evidentiary facts, it is for a jury rather than the courts to decide which reasonable inference to draw.  Ryther v. KARE 11, 108 F.3d 832, 845 (8th Cir.) (en banc), cert. denied, 117 S. Ct. 2510 (1997).

## Conclusion

For the reasons stated, we hold that the district court erred in granting summary judgment for defendant and dismissing plaintiff's disparate treatment claim under the ADEA. In light of our holding, we find it unnecessary to reach the remaining issues asserted by plaintiff on appeal. The judgment of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.