79 F.Supp.2d 1093 (1999)
Larry G. DISBENNETT, Plaintiff,
v.
GENERAL MOTORS CORPORATION, Defendant.
No. 4:98CV1923 CDP.
United States District Court, E.D. Missouri, Eastern Division.
November 17, 1999.
David M. Heimos, Heimos Law Office, Clayton, MO, for plaintiff.
Jerry M. Hunter, Charles B. Jellinek, Bryan Cave LLP, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on defendant's motion for summary judgment and plaintiff's motion for sanctions. Because genuine issues of material fact remain in dispute, summary judgment will be denied. Plaintiff's motion for sanctions will also be denied.
In his first amended complaint, plaintiff Larry G. Disbennett, who is currently 55 years old, alleges that defendant General Motors Corporation discriminated against him because of his age when it failed or refused to hire him. Count I alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et seq., while Count II alleges age discrimination in violation of the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. § 213.010 et seq.

Standards for Summary Judgment
Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, *1094 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining summary judgment, the facts and the inferences from those facts are viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co, Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). At the summary judgment stage, courts do not weigh the evidence and decide the truth of the matter, but rather determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249, 106 S.Ct. 2505. Rule 56(c) mandates the entry of summary judgment against a party, if after adequate time for discovery, that party fails to make a showing sufficient to establish the existence of an essential element of the case that the party will have the burden of proving at trial. Celotex, 477 U.S. at 322-23, 106 S.Ct. 2548.

Discussion
In August 1993, defendant, who had up to that point maintained its own security forces, decided to contract with another company, Pinkerton Security, for its security personnel. Plaintiff, who had worked for defendant as part of its security forces for many years, became an employee of Pinkerton at that time. Plaintiff later attempted to obtain employment with defendant in a capacity different from security. In 1996, plaintiff took part in defendant's pre-supervisory training program. Plaintiff was not hired at that time nor has he been hired since, although plaintiff maintains he has attempted to gain employment with defendant on several other occasions. Plaintiff alleges that defendant has hired numerous younger individuals as first-level supervisors, a position for which plaintiff applied and for which he alleges he was qualified.
Defendant contends that summary judgment is appropriate under the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), because plaintiff cannot establish a prima facie case of discrimination. According to defendant, plaintiff is not qualified for the position of first-level supervisor. Defendant contends that plaintiff concedes he was not qualified for a first-level supervisor's job because he testified at his deposition that "I wasn't qualified for a supervisor's job, but everybody had to go through that supervisor's training, and I thought if they would give me some training, I could be qualified for it." Defendant further claims that in 1996 after plaintiff participated in the pre-supervisory training program it decided that plaintiff was not qualified then and also determined that it would not consider plaintiff for possible employment in the future. Defendant argues that it informed plaintiff of its decision at that time. In support of its contention, defendant claims that at the completion of his training, an employee of defendant, Danny LeMaster, told plaintiff that "You could have had a better knowledge of the product itself." It contends that Gary Tanner, defendant's Area Manager also told plaintiff that defendant was going to hire the trainees who had more experience.
Plaintiff disputes defendant's claim that he is not qualified. Plaintiff states that he did not concede at his deposition that he was unqualified but that he was merely unqualified before he entered the pre-supervisory training program. Plaintiff also contends that defendant never told him that he was not qualified. Plaintiff argues that at the end of his training, defendant told him that there was a line speed reduction in the plant which prevented him from being hired at that time. In addition, plaintiff claims he was told that some people might be retiring from defendant's employment after the first of the year. Plaintiff claims that, based on this statement, he was led to believe that he might be hired after the retirements. In addition, plaintiff argues that Danny LeMaster's statement was taken out of context in that plaintiff alleges Mr. LeMaster said, "You could have had a better knowledge of the product itself, but that was our fault because we didn't get you out here ... if we could have got you out *1095 here in the plant during that down time and gave you more training, then you would have known the product better, which would have naturally helped you in your job more." There is also a dispute between the parties whether a college degree was a requirement for the first-level supervisor position at any time at issue in this case. Because there is a genuine dispute concerning whether plaintiff was qualified, summary judgment is not appropriate.
Even if the Court were to assume for purposes of this motion that plaintiff was qualified and thus established his prima facie case, summary judgment would not be appropriate because defendant states as its legitimate, nondiscriminatory reason for its failure to hire plaintiff that defendant decided in 1996 that plaintiff would not make a good production supervisor based on his performance in the pre-supervisory training program. Thus, defendant's nondiscriminatory reason is basically the same as its argument that plaintiff was not qualified. Because there is a genuine issue of material fact concerning whether plaintiff was qualified, there is a genuine issue as to whether defendant's nondiscriminatory reason was pretextual or not. Young v. Warner-Jenkinson Co., Inc., 152 F.3d 1018 (8th Cir.1998).
Defendant further contends that it is entitled to summary judgment because plaintiff offers no evidence which tends to demonstrate an inference of discrimination beyond the fact that defendant hired some younger individuals instead of him. Defendant argues that this type of evidence is part of the prima facie case and quotes St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), for the proposition that once a defendant articulates a legitimate nondiscriminatory reason for its conduct any presumption of discrimination created by the establishment of the prima facie case "drops out of the picture." Defendant states that the plaintiff must then identify evidence which tends to prove that the defendant's reasons were false and that discrimination was the real reason. Id. at 515, 113 S.Ct. 2742.
While it is true that when the employer produces a nondiscriminatory reason for its actions, the prima facie case no longer creates a legal presumption of unlawful discrimination, it is not true that the prima facie evidence itself drops out of the case. "The elements of the prima facie case remain, ... and if they are accompanied by evidence of pretext and disbelief of the defendant's proffered explanation, they may permit the jury to find for the plaintiff." Ryther v. KARE 11, 108 F.3d 832, 837 (8th Cir.), cert. denied, 521 U.S. 1119, 117 S.Ct. 2510, 138 L.Ed.2d 1013 (1997). According to the Eighth Circuit, an age discrimination plaintiff can avoid summary judgment "only if the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision." Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336 (8th Cir.1996). Courts may therefore consider the evidence the plaintiff presents in the prima facie case in determining whether the plaintiff survives the defendant's motion for summary judgment.
In the instant case, the Court is satisfied that genuine disputes of material fact exist regarding whether plaintiff can present evidence to make a submissible case. As stated earlier, there is a genuine issue of material fact as to whether defendant's proffered nondiscriminatory reason is pretextual. In addition, plaintiff has provided evidence that defendant's actions could have been based on age because he has come forward with evidence that many of the individuals hired by defendant are significantly younger than he. Ryther, 108 F.3d at 844; Widoe v. District # 111 Otoe County School, 147 F.3d 726, 732 (8th Cir.1998). Plaintiff's evidence taken together in its entirety creates a reasonable inference that age could have been a determinative factor in his not being hired, *1096 therefore summary judgment is not appropriate.

Motion for Sanctions
In his motion for sanctions for withholding material evidence and for making a false statement under oath, plaintiff contends that defendant delayed supplying plaintiff with the list of names of people defendant hired into first-level supervisory positions since November 1997. The Court is very concerned with defendant's behavior here, and believes that defendant has failed to provide any credible explanation for the delay and inconsistency. However, because plaintiff was able to use the information in his response to defendant's motion for summary judgment and was therefore not prejudiced, the Court will deny the motion for sanctions. Plaintiff will, of course, be allowed to use defendant's inconsistent statements at trial in any manner allowed by the Federal Rules of Evidence.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment [# 35-1] is denied.
IT IS FURTHER ORDERED that plaintiff's motion for sanctions [# 34-1] is denied.